## Lee Tire & Rubber Company, Inc. *v.* Socony-Vacuum Oil Co., Inc., Appellant.

484

Argued March 6, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Charles B. Waller,* with him *Frank A. McGuigan* and *B. R. Jones, Jr.,* for appellant.

*Charles B. Lenahan,* with him *H. R. Lauffer* and *Charles L. Casper,* for appellee.

OPINION BY KELLER, P. J., April 15, 1935:

This was an action of assumpsit on a book account for goods sold and delivered by the plaintiff to the Hi-Grade Gas & Oil Company, Incorporated, whose business was taken over, and liabilities assumed,— it was alleged—by the defendant company. The book account sued on covered sales and deliveries made during the period between July 7, 1931 and October 22, 1931, and amounted to $3,099.

The case was tried by Judge VALENTINE, without a jury, under the Act of 1874. He found that the defendant had taken over the assets and assumed the liabilities of the Hi-Grade Gas & Oil Company, Incorporated; but that no goods were ordered from the

plaintiff by any officer or authorized representative of said Hi-Grade Gas & Oil Co. (the corporation) after August 1, 1931, nor were any goods delivered by plaintiff to said corporation subsequent thereto. There was competent evidence to support these findings.

The items in the book account sued on, beginning July 7, 1931 and ending July 31, 1931, showed a net indebtedness due the plaintiff of $1,107.84; but the court entered judgment in favor of the plaintiff for $2,267.27. This was due to the fact that when the plaintiff's books were produced in evidence they showed a balance due plaintiff by Hi-Grade Gas & Oil Company, Incorporated, before July 7, 1931, when the first item in the book account sued on was entered, of $1,158.43. This balance was not included in the plaintiff's book account in this action nor sued on by it. It formed no part of plaintiff's claim for $3,099. The reason appears in the evidence of plaintiff's bookkeeper, Miss Jean Swan, who testified (pp. 77a-79a) that a cash credit of $1,100.51 made on September 3, 1931, and a credit for tires returned of $57.92, amounting together to $1,158.43, had been applied by plaintiff to this balance, for the same amount, $1,158.43, which appeared in the books as due plaintiff on July 7, 1931, when the book account in suit began, and that the books showed such application. Hence in making up the book account sued on, both the balance due on July 7, 1931 and the credits of September 3, 1931 had been omitted. They were "checked off" against each other, and only "open items" appeared on the statement (p. 78a).

The plaintiff had a right to apply this cash credit of $1,100.51 and the credit for returned tires of $57.92, making together, $1,158.43, to the balance for the same amount due it on its books on July 7, 1931, in the absence of any different appropriation by the debtor, of which there is no evidence in the record. The testi-

mony of its bookkeeper shows that it had done so. This is consistent with the fact that in making up the book account sued on, the items making up this amount, $1,158.43, were omitted on both the debit and credit sides.

We are of opinion that the learned trial judge either overlooked this testimony or failed to give it due effect; that in the light of his finding that orders by and deliveries to the Hi-Grade Gas & Oil Company, Incorporated, had ceased on August 1, 1931, and of the evidence of the plaintiff's bookkeeper that the balance of $1,158.43 due plaintiff on July 7, 1931, had been paid by the cash credit of $1,100.51 of date of September 3, 1931, and the return of tires, $57.92, he should have restricted his finding of indebtedness due plaintiff to the items contained in the book account sued on, between July 7, 1931, and August 1, 1931, or $1,107.84. The evidence supports no other finding.

It is not material in this case how much money the defendant in this suit may have withheld from the purchase money due Hi-Grade Gas & Oil Company, Incorporated, pending the determination of this claim. That is a matter between them, with which this plaintiff is not concerned.

The second, eighth and ninth assignments of error are sustained. The others are dismissed. The judgment is modified by reducing it from $2,266.27 to $1,107.84, with interest from April 5, 1932.